Filed 9/24/25  In re A.W. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.W. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> B.W., <br><br> Defendant and Appellant. | F089478 <br><br> (Super. Ct. Nos. JD146006-00, JD146007-00) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from orders of the Superior Court of Kern County.  Susan M. Gill, Judge.

Nicholas J. Mazanec, under appointment by the Court of Appeal, for Defendant and Appellant.

B.W., in propria persona, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., DeSantos, J. and Ellison, J.[†]

[†]     Retired judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

B.W. (mother) is the mother of nearly nine-year-old Z.W. (daughter) and 10-year-old A.W. (son) (collectively, the children). Mother appeals from the juvenile court's orders issued at a dispositional hearing which resulted in her being denied reunification services and the children being placed into a permanent plan of long-term foster care with a relative. After reviewing the juvenile court record, mother's court-appointed counsel informed this court he could find no arguable issues to raise on mother's behalf. This court granted mother leave to personally file a letter brief setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Mother filed a letter brief arguing: (1) the juvenile court did not have jurisdiction because there was an outstanding family law case; (2) the dependency petition was not filed within 48 hours of the children being taken into protective custody and she did not have proper notice of the detention hearing; (3) there is insufficient evidence to support removal; and (4) errors were made under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA).

We conclude mother failed to set forth a good cause showing that any arguable issue of reversible error arose at the hearing. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2024, the Kern County Department of Human Services (department) filed a dependency petition alleging the children came within the provisions of Welfare and Institutions Code[1] section 300, subdivision (g) (no provision of support), as their father, P.W. (father), had passed away and immediate family was unwilling or unable to care for them, and section 300, subdivision (j) (abuse of sibling), based on two prior dependency

---

[1] Subsequent undesignated statutory references are to the Welfare and Institutions Code.

cases concerning the children and a sibling who mother failed to reunify with. The children were taken into protective custody.

The prior dependency case involving the children was initiated in Los Angeles County in 2018. The children were placed with father with a case plan while mother was offered reunification services. The Los Angeles County Juvenile Court terminated the case in June 2019 with a custody order.[2] The other dependency case involved a child who mother gave birth to in February 2019. Apparently ICWA was found to apply, as a tribal representative from the Peoria Tribe of Oklahoma was present at the section 366.26 hearing. The case resulted in the termination of mother's and father's parental rights and the child being adopted by her caregivers.

Mother was not present at the May 31, 2024 detention hearing. Separate counsel was appointed for mother and the children. The juvenile court ordered the children detained from mother, found reason to believe the children were Indian children, and continued the hearing to June 7, 2024, at the request of counsel for mother and the children.

Mother subsequently informed the social worker that she is an enrolled member of the Peoria Tribe of Oklahoma (the tribe) and while the children were not enrolled members, they were eligible for enrollment. On June 5, 2024, the social worker emailed the tribe's representative informing her of the June 7 detention hearing and told her to contact the department if she would like to be present for the hearing.

Mother was present at the continued detention hearing. She submitted an ICWA-020 form which stated she was a member of the tribe. The department had not heard back from the tribe. The juvenile court found there was a reason to believe the

---

[2] In her letter brief, mother asks us to augment the record with the custody order which is attached to the letter brief. We deny the request, as the custody order is not a proper subject for augmentation because the order was not part of the trial record in this case. (Cal. Rules of Court, rule 8.155(a)(1)(A) [a "reviewing court may order the record augmented to include: [¶] Any document filed or lodged in the case in superior court].)

3.

children were Indian children and ordered the department to send notice to the tribe. The court ordered the children detained from mother as there were court orders prohibiting them from being in her custody and granted her supervised visits. The court set a jurisdiction and disposition hearing. The department subsequently sent formal notice of the jurisdiction hearing to the tribe.

The jurisdiction/disposition hearing was continued several times and ultimately held on October 29, 2024. The tribe's representative had previously confirmed the children were Indian children and the tribe would intervene. The tribal representative did not appear at the October 29 hearing and the juvenile court could not reach the representative. The court decided to proceed with the hearing over mother's attorney's objection.

Mother was not present at the October 29 hearing. Her attorney requested a continuance as mother told him she was at the hospital because maternal grandmother was taken there by ambulance. The juvenile court denied the request. The court found the petition's allegations true and continued the disposition hearing to January 13, 2025, so a qualified Indian expert could testify and because the department was changing its recommendation from the provision of services to mother to a denial of services.

The department's supplemental report for the disposition hearing stated that the children were placed with a nonrelative extended family member (NREFM) caregiver in October 2024. The department recommended denying mother reunification services under section 361.5, subdivision (b)(10) and (11), as mother failed to reunify with the children's sibling, leading to the termination of mother's services and her parental rights.

The disposition hearing was continued several times and ultimately held on March 12, 2025. The department made an offer of proof that the children's caretaker was no longer interested in adopting the children and was only interested in long-term foster care. The tribe's qualified expert witness testified serious harm would result if the children were in mother's custody since mother had not "remedied her issues and situation" and there had been a "lack of progress." Mother's attorney argued the

4.

department did not make active efforts to prevent the breakup of the family or to reunify the family and mother believed her rights had been violated as the department had no interest in reunifying her with the children.

The juvenile court found the department made active efforts to prevent the breakup of the Indian family through remedial services and rehabilitation programs and those efforts were unsuccessful. The court ordered the children removed from mother's custody and denied mother reunification services under section 361.5, subdivision (b)(10) and (11). The court found clear and convincing evidence the children would not be adopted and no one was willing or able to accept guardianship, and ordered placement in foster care with a fit and willing relative, and supervised visits for mother. The court found the department complied with ICWA's placement preferences and there was good cause for any modification. The court scheduled a section 366.3 review hearing for September 10, 2025.

## DISCUSSION

This court presumes a trial court judgment or order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Mother's burden as the appellant is to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant fails to do so, we may dismiss the appeal. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her letter brief, mother claims: (1) the juvenile court never inquired whether any other court had existing custody jurisdiction as required by the Uniform Child Custody Jurisdiction and Enforcement Act (Fam. Code, § 3421 et seq.), and jurisdiction belongs in the family court; (2) the dependency petition was not filed within 48 hours as required by section 313 and it was filed on the same day as the detention hearing without proof of proper notice or service; (3) there is no evidence of neglect or abuse that would justify removal and "exculpatory evidence … was improperly introduced to justify removal"; and (4) ICWA was not followed as "[a] qualified expert witness was not physically present at the detention hearing to testify to the necessity of foster placement"

5.

in violation of 25 United States Code section 1912(e), and the tribal social worker was improperly influenced and used against her.

Mother's arguments all suffer from the same defect. Although she enumerates multiple ways that she claims her rights have been violated or the juvenile court erred, she fails to provide any specific facts or references to the record demonstrating those violations or claims of error. For example, she contends the petition was not filed within 48 hours and she was not provided proper notice of the detention hearing, but she does not point to anything in the record to support her claims.[3] Mother contends the tribal representative was improperly influenced and used against her, but she provides no factual support for the contention beyond her bald assertion.[4] Arguments in a brief that are not supported by specific facts or citations to the record cannot raise arguable issues on appeal. (See *In re S.C.*, *supra*, 138 Cal.App.4th at p. 408; *Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1301.) Without specific reference to the record in this case to support her assertions, this court cannot evaluate whether the facts are as mother represents or whether they support her claims of error.

As for mother's claim that there was insufficient evidence to support the removal order, mother fails to specifically challenge any of the independent evidence the department presented supporting the allegations in the petition or explain why that

---

[3] Moreover, mother never tendered an objection in the juvenile court on these grounds and does not explain in her letter brief how these purported errors prejudiced her. (*In re S.C.* (2006) 138 Cal.App.4th 396, 407.)

[4] Mother also contends the qualified expert witness was not physically present at the "detention hearing" as required by 25 United States Code section 1912(e). We presume mother is referring to the qualified expert witness's telephonic appearance at the March 12, 2025 disposition hearing. That section provides: "No foster care placement may be ordered in [an involuntary proceeding in a state court] in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent … is likely to result in serious emotional or physical damage to the child." (25 U.S.C. § 1912(e).) While testimony of a qualified expert witness is required, there is no requirement that the witness be physically present when testifying.

evidence was not sufficient to support the juvenile court's findings. As a result, mother's letter brief fails to sufficiently argue the court erred in assuming jurisdiction, declaring the children dependents, or ordering them removed from her.

Unlike in a criminal case, we have no duty to conduct an independent review of the record in a dependency case. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 844–846.) Nonetheless, out of an abundance of caution, we independently reviewed the record to confirm there is no good cause that an arguable issue exists. On the record before us, we find nothing to indicate an arguable issue exists.

## DISPOSITION

Because no claim of error or other defect has been raised in this matter, the appeal is dismissed. (*Phoenix H.*, *supra*, 47 Cal.4th 835; *In re Sade C.*, *supra*, 13 Cal.4th 952.)